UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RICO TAYLOR | : | DOCKET NO. 18-cv-113 |
| REG. # 90834-071 | | SECTION P |
| VERSUS | : | JUDGE TRIMBLE |
| UNITED STATES OF AMERICA, ET AL. | : | MAGISTRATE JUDGE KAY |

**AMEND ORDER**

Before the court is a complaint [doc. 6] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, by Rico Taylor, who is proceeding *pro se* and *in forma pauperis* in this matter.

Taylor is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute in Butner, North Carolina ("FCI-Butner"). His complaint relates to events that allegedly occurred at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

**I.**
**BACKGROUND**

Taylor alleges that various FCIO staff members failed to properly evaluate and treat raised areas in his groin from October 2013 until December 2014, delaying biopsy of that area over the course of several months, preventing him from consulting him with an oncologist, and instead subjecting him to painful excisions which he maintains caused a cancer to spread across his pelvic area and invade the bone. Specifically, he asserts that medical practitioners at FCIO failed to treat his pain and discomfort, and delayed surgical intervention until August 26, 2014, despite a general surgeon's recommendation on June 9, 2014 that removal/biopsy be done "ASAP." Doc. 6, pp. 5–

7; *see* doc. 6, att. 1, pp. 5, 7. He alleges that the physician who made this recommendation advised that his growth was "highly cancerous" and contends that his medical records are "replete with subjective knowledge of family history diagnosis of cancer." Doc. 6, p. 5. However, he complains that the August 2014 surgical intervention involved only excision and not biopsy. Doc. 6, pp. 6–7. He alleges that a wider excision was made on September 4, 2014, and that he was then recommended for an oncology consult. *Id.* at 7–8. He states that he was told by some unidentified person that he should have seen an oncologist before any incision was made. *Id.* at 8. He also maintains that he received no treatment for his pain until a mid-level practitioner prescribed ibuprofen in July 2014, nine months after he first began to complain of the condition and after repeated sick calls. *Id.* at 3–6. He continued to complain of pain and eventually received a prescription for Tylenol 3 in August 2014. *Id.* at 6.

Taylor states that in October 2014, FCIO Health Services Administrator C. Sonnier and Clinical Director J. Alexander took him behind the recreational building at FCIO and told him that "he really needed no treatment from an oncologist," that they had "the right to not respect a contractor's recommendation," and that he should "keep his mouth shut." *Id.* at 8. Taylor states that he tried to tell them about new lesions but was again told to keep his mouth shut. *Id.* He then began filing requests for administrative remedy based on his medical care. *Id.*; *see* doc. 6, att. 1, pp. 61–65. He states that he met with Assistant Health Services Administrator H. Howard at the end of October and was promised a consult with an oncologist if he would rescind his grievances. *Id.* at 8–9. Taylor states that he agreed to these terms. *Id.* at 9.

Taylor alleges that he received two consults with an oncologist in November 2014 and that this physician recommended six weeks radiation therapy, which was scheduled to begin on December 26, 2014. *Id.* However, he maintains, an attorney contacted FCIO on his behalf on

December 23, 2014, and Taylor was then urgently transferred to another institution. *Id.* at 9–10. Taylor states that his radiation treatments were denied at the new institution, and that he continues to suffer pain and disability as a result of the lesions and delays/deficiencies in treatment at FCIO. *Id.* at 9–10. His allegations in his administrative tort claim reflect that he continued to see providers at and near FCI-Butner throughout 2015 and 2016 and that he underwent another excision in July 2016, after which he was diagnosed with a dermatofibrosarcoma. Doc. 6, att. 1, pp. 9–10.

Taylor has provided proof of his presentment of the claim under the FTCA's requirements, infra, through the rejection on January 18, 2017, of an administrative tort claim filed in August 2016, and a final denial after request for reconsideration on July 31, 2017. *See* doc. 6, att. 1, pp. 2–3. He has also provided requests for administrative remedies filed between October 2014 and September 2015. *Id.* at 12–65. Taylor now seeks relief through the instant suit, filed on or about January 29, 2018. Doc. 1.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Taylor has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When

determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983/Bivens

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Accordingly, in order to state a claim under this statute, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988). A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993); *see also Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980) ("The effect of Bivens was, in essence, to create a remedy for federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials.")

### C. FTCA

The United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). One such waiver is the FTCA, 28 U.S.C. § 2671 *et seq.*, which provides the exclusive remedy for damages for injury, death, or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* at § 2679(b)(1). Accordingly, a plaintiff seeking relief under the FTCA files his tort claims directly against the United States, rather than the individual government actor. *See Carlson v. Green*, 100 S.Ct. 1468,

1472–73 (1980) (distinguishing between an FTCA action and a *Bivens* suit). Such claims are analyzed under the law of the place where the act or omission occurred. *Sheridan v. United States*, 108 S.Ct. 2449, 2454 (1988) (citing 28 U.S.C. § 1346(b)). Under the FTCA, a plaintiff is required to properly present his claims to the government agency before filing suit.[1] *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). This presentment requirement is satisfied by the claimant if he "(1) gives the agency written notice of his . . . claim sufficient to enable the agency to investigate and (2) places a value on his . . . claim." *Pleasant v. United States ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 449 (5th Cir. 2014) (quoting *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980)).

### D. Application

Taylor's FTCA claims appear timely and the presentment requirement satisfied, based on the administrative tort claim filed and the statement in the final denial of his tort claim that he could seek review by filing a suit within six months. *See* doc. 6, att. 1, p. 3. However, his *Bivens* claims may be barred by the statute of limitations.

The statute of limitations on a *Bivens* claim is derived from state law. *Gaspard v. United States*, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983). Here the acts giving rise to Taylor's claim are delictual in nature and are therefore governed by a one-year period of liberative prescription under Louisiana law. La. Civ. Code art. 3492; *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995). The prescriptive period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Gray v. Negi*, 2012 WL

---

[1] The FTCA provides, in relevant part:
> An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

1014983 at *3 (W.D. La. Mar. 23, 2012) (quoting *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995)). However, an inmate is entitled to equitable tolling for time spent exhausting his administrative remedies, as required under the Prison Litigation Reform Act. *Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002).

Here Taylor's *Bivens* claims, based on deliberate indifference to serious medical needs and retaliation, must have accrued by at least December 2014, when he was transferred from FCIO before he could receive the radiation therapy he claims he needed. He shows that he filed a BP-11, the final administrative remedy step, on September 16, 2015, but does not show any response from the BOP. *See* doc. 6, att. 1, p. 12; 28 C.F.R. § 542.15(a). The general counsel is required to respond in writing to such a request within 40 calendar days, though the time for response may be extended once by 20 days. 28 C.F.R. § 542.18. If the inmate does not receive a response within the time allotted for reply, including extension, he may consider the absence of a response to be a denial at that level. *Id.* Accordingly, a response was due to Taylor's BP-11 by November 2015 and he should have considered his remedies exhausted in the absence of one. Because he did not file suit on his *Bivens* claims until well over a year later, in January 2018, it would appear that his claims against individual FCIO employees are barred unless he can assert other grounds for tolling.[2]

### III.
### CONCLUSION

Taylor's pro se complaint is deficient with respect to his *Bivens* claims. He should be given the opportunity to remedy the deficiency by showing why his claims are not barred by the statute

---

[2] To the extent that Taylor might claim entitlement to tolling while his administrative tort claim was pending, we note that that claim was filed in August 2016, and finally denied in July 2017. Doc. 6, att. 1, pp. 4, 3. Accordingly, even if we would determine that he was entitled to tolling of his constitutional claims while he exhausted his tort claims, over a year accrued with the nine months or so that elapsed between when his BP-11 should have been treated as denied and the filing of the tort claim plus the six months that elapsed from final denial of the tort claim to filing of the instant suit.

of limitations, or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). No amendment is needed with respect to the FTCA claims.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Taylor at his last address on file.

**IT IS ORDERED** that Taylor amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Taylor is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 9th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE