UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RICO TAYLOR**            :        **DOCKET NO. 18-cv-0113**
     **REG. # 90834-071**                          **SECTION P**

**VERSUS**                 :        **JUDGE TRIMBLE**

**UNITED STATES, ET AL.**  :        **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is a complaint and amendment thereto filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, by Rico Taylor, who is proceeding *pro se* and *in forma pauperis*. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

Taylor is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute in Butner, North Carolina ("FCI-Butner"). His complaint relates to events that allegedly occurred at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO"). The factual basis of Taylor's claims and relevant procedural background can be found in our preceding memorandum order. Doc. 8. In that order, we advised Taylor that his *Bivens* claims appeared to be time-barred and that he should assert grounds for tolling the statute of limitations for those claims. *Id.* Taylor has now responded, asserting that all claims are timely based on Louisiana's doctrine of continuing torts. Doc. 11.

As we noted in our previous order, Taylor's *Bivens* claims are governed by a one-year statute of limitations borrowed from Louisiana law. *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995); La. Civ. Code art. 3492. In applying the state statute of limitations for a *Bivens* claim, the court must give effect to any state tolling provisions. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). However, the accrual of a claim under *Bivens* is governed by federal law. *Banks v. FDIC*, 374 Fed. App'x 532, 535 (5th Cir. 2010) (unpublished) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)). "Under federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski*, 237 F.3d at 576. "The continuing-tort doctrine is one of accrual and thus a question of federal, rather than state, law." *Nottingham v. Richardson*, 499 Fed. App'x 368, 375 & n. 5 (5th Cir. 2012). The continuing tort doctrine is also recognized under federal law. *See id.* Under federal law, "[w]here an individual suffers a series of discrete injuries, rather than an ongoing and persistent injury, the continuing tort doctrine does not apply." *Petrus v. U.S. Justice Dep't*, 18 F.3d 936 (5th Cir. 1994) (citing *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 269 (5th Cir. 1991)). In a medical care context, "each instance of potentially deliberate indifference cease[s] when [the plaintiff] receive[s] medical attention." *Nottingham*, 499 Fed. App'x at 375.

In his *Bivens* claims, Taylor seeks to hold individual FCIO employees liable for medical care at that facility that allegedly violated his rights under the Eighth Amendment, and for alleged retaliatory transfer to FCI-Butner. He names no FCI-Butner employees as individual defendants in this matter, and admits that he received further testing and treatment upon his arrival at that facility. *See* doc. 6, pp. 3–4, 9–10. Furthermore, he contends that he had exhausted his *Bivens* claims against the FCIO employees through administrative remedies completed with an appeal to

the Central Office in April 2015, which complained only of the care he had received at FCIO.[1] *See* doc. 6, att. 1, p. 22. In his administrative tort claim, he details the treatments and diagnoses he has received at FCI-Butner but appears to provide these details as a means of showing the seriousness of his condition. *Id.* at 9–10. He specifically states that he is owed damages for the "negligent, delayed, and sub-standard medical care by medical staff while [he] was housed at Federal Prison Camp, in Oakdale . . . ."[2] *Id.* at 11. Accordingly, to the extent a continuing tort was involved in Taylor's *Bivens* claims, it was limited to the alleged acts and omissions of defendants at FCIO and could not provide for accrual of the action past the date of his transfer to FCI-Butner in December 2014.

Allowing for tolling of that matter until his administrative remedies were exhausted in November 2015, and assuming *arguendo* that he was likewise entitled to tolling of some sort while his administrative tort claim was pending from August 2016 until July 2017, we find that Taylor still accrued over one year against the limitations period for his *Bivens* claims, counting from November 2015 to August 2016 and then from July 2017 to January 2018, when this suit was filed. Taylor alleges that he is entitled to tolling based on interference by BOP staff with his legal papers up to December 2015, but even this extra month would not rescue the timeliness of his *Bivens* claims. *See* doc. 11, p. 5. Finally, he attaches records of administrative remedy requests filed from FCI-Butner, but provides no basis why these should entitle him to tolling of his claims against FCIO defendants. *See* doc. 11, att. 1, pp. 2–6.

---

[1] This request was rejected for procedural reasons and resubmitted by Taylor on September 16, 2015. Doc. 6, att. 1, p. 12. Accordingly, as we stated in our previous order, because it does not appear that Taylor received a response to this request, Taylor's administrative remedies were exhausted by November 2015. Doc. 8, p. 6.

[2] He goes on to allege that the "non-request or approved biopsy, requested imaging and failed surgical [attempts] [have] constituted a continuing tort of residual injury, emotional distress, and anatomy disfigurement." Doc. 6, att. 1, p. 11. However, he only reports the findings of his examinations and the treatments delivered at FCI-Butner; he does not complain that these were incorrect or otherwise resulted in complications. *See id.* at 9–10.

Accordingly, **IT IS RECOMMENDED** that Taylor's *Bivens* claims be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, resulting in the dismissal of all defendants except the United States. By separate order, we will order service of his FTCA claims only.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 12th day of April, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE