# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

RICO TAYLOR                            :          DOCKET NO. 18-cv-0113
    REG. # 90834-071                                  SECTION P

VERSUS                                 :          JUDGE TRIMBLE

UNITED STATES, ET AL.                  :          MAGISTRATE JUDGE KAY

## REPORT AND RECOMMENDATION

Before the court is a Motion for Preliminary Injunction [doc. 15] filed by plaintiff Rico Taylor. Taylor is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute in Butner, North Carolina ("FCI-Butner"). His complaint relates to events that allegedly occurred at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

Taylor has brought suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq. See* docs. 8, 12, 14. He now moves for a preliminary injunction relating to FCI-Butner's handling of his legal mail. Doc. 15. The instant motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

## I.
### BACKGROUND

The factual basis of Taylor's claims and relevant procedural background can be found in our preceding amend order. Doc. 8; *see also* docs. 12, 14 (dismissal of *Bivens* claims against individual BOP employees). In the instant motion, Taylor complains that employees from FCI-

Butner are inspecting and potentially reading mail sent to him from this court while he is not present, thus giving the BOP warning of impending litigation. Doc. 15. He also fears that this policy could result in attorney-client communications being improperly disclosed. *Id.* at 4. Accordingly, he asks that the court mark all mail sent to him as legal mail and require the prison to have Taylor present when that mail is open and inspected. *Id.* at 4.

## II.
### LAW & ANALYSIS

A preliminary injunction is an extraordinary equitable remedy that may be granted only if plaintiff clearly carries his burden of establishing four essential elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause defendants; and (4) the injunction will not disserve the public interest. *Voting for Am. Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013).

Here we focus on Taylor's inability to satisfy the second factor. He is proceeding *pro se* in this matter and so cannot show that attorney-client communications are presently at risk from FCI-Butner's alleged policy.[1] He also does not allege that his outgoing mail is screened in any improper manner. The crux of his claim is, instead, that the screening policy threatens his position as a litigant by allowing FCI-Butner employees to read documents from this court. Taylor does not allege that the screening has resulted in his mail from this court being censored. He does allege that the screening results in a delay that prejudices his ability to prepare timely responses, but does not show where he was ever denied a motion for extension or reconsideration by this court based on the impact of mail screening on his filing deadlines. Doc. 15, p. 2. We also note that nothing

---

[1] Taylor also asserts that he was told by FCI-Butner staff that incoming mail would only be opened in his present if it was marked "Only open in presence of inmate." Doc. 15, pp. 1–2. In the event that Taylor obtains counsel, it appears that he could avoid any improper screening of actual legal mail by directing his attorney to label all mail as such.

has yet been sent to Taylor which was not also electronically filed and made publicly available through CM/ECF. Furthermore, Taylor has returned the summonses to allow service of the United States in this matter. He should be aware that the government, after it has been served, will receive automatic electronic notice of all filings made in this case, including all orders entered by this court. Accordingly, Taylor cannot show a sufficient risk of harm and is not entitled to preliminary injunctive relief.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion for Preliminary Injunction [doc. 15] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 17th day of May, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE